1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   LA'KEITH DESHAWN WELLS,                    Case No.  14-cv-05058-YGR (PR)

                 Plaintiff,
8                                              **ORDER OF SERVICE**

          v.
9

10  W. G. BAPTISTA,

                 Defendant.
11

12                                **INTRODUCTION**

13        Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983,

14  stemming from a March 19, 2013 incident at Pelican Bay State Prison ("PBSP"), where he was

15  formerly housed.  He alleges that Defendant PBSP Correctional Officer W. G. Baptista used

16  excessive force against him.  Plaintiff seeks monetary damages.

17        Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in

18  a separate written Order.

19        Venue is proper because the events giving rise to the claim are alleged to have occurred at

20  PBSP which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

21                                **DISCUSSION**

22  **I.    STANDARD OF REVIEW**

23        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

24  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

26  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

27  monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*

28  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

United States District Court
Northern District of California

1    Cir. 1988).

2           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4    the alleged violation was committed by a person acting under the color of state law.  *West v.*

5    *Atkins*, 487 U.S. 42, 48 (1988).

6    **II.    EXCESSIVE FORCE CLAIM**

7           A prisoner has the right to be free from cruel and unusual punishment, including physical

8    abuse by guards.  Whenever prison officials stand accused of using excessive physical force in

9    violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a

10   good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

11   *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

12          Plaintiff alleges that on March 19, 2013, he was subjected to excessive force by Defendant

13   Baptista.  Dkt. 1 at 3.  Specifically, Plaintiff alleges that on the date of the incident he had reported

14   that he was suicidal.  Id.  Defendant Baptista escorted Plaintiff out of his cell and to the rotunda in

15   order to conduct a strip search of Plaintiff.  *Id.*  Once at the rotunda, Defendant Baptista and PBSP

16   Correctional Officer Crunk forced Plaintiff to the ground on his knees.  *Id.*  While Plaintiff was on

17   his knees, he claims that Defendant Baptista struck him in the face, eye, and head with "powerful

18   blows to the head."  *Id.*  Defendant Baptista also threw Plaintiff to the ground and kicked him.  *Id.*

19          Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim

20   against Defendant Baptista.

21                                          **CONCLUSION**

22          For the foregoing reasons, the Court orders as follows:

23          1.      Plaintiff states a cognizable Eighth Amendment claim for the use of excessive force

24   against Defendant Baptista.

25          2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

26   Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

27   and all attachments thereto (Dkt. 1) and a copy of this Order to **Defendant PBSP Correctional**

28   **Officer W. G. Baptista**.  The Clerk shall also mail a copy of the complaint and a copy of this

*United States District Court*
*Northern District of California*

2

United States District Court
Northern District of California

1    Order to State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a

2    copy of this Order to Plaintiff.

3              3.        Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

4    Defendant to cooperate in saving unnecessary costs of service of the summons and complaint.

5    Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on

6    behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to

7    bear the cost of such service unless good cause be shown for the failure to sign and return the

8    waiver form.  If service is waived, this action will proceed as if Defendant had been served on the

9    date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be

10   required to serve and file an answer before **sixty (60) days** from the date on which the request for

11   waiver was sent.  (This allows a longer time to respond than would be required if formal service of

12   summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver

13   form that more completely describes the duties of the parties with regard to waiver of service of

14   the summons.  If service is waived after the date provided in the Notice but before Defendant has

15   been personally served, the Answer shall be due **sixty (60) days** from the date on which the

16   request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever

17   is later.

18             4.        Defendant shall answer the complaint in accordance with the Federal Rules of Civil

19   Procedure.  The following briefing schedule shall govern dispositive motions in this action:

20             a.        No later than **sixty (60) days** from the date their answer is due, Defendant

21   shall file a motion for summary judgment or other dispositive motion.  The motion must be

22   supported by adequate factual documentation, must conform in all respects to Federal Rule of

23   Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

24   the events at issue.  A motion for summary judgment also must be accompanied by a *Rand[1]* notice

25   so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

26   oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

27

28        [1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

1    in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss

2    for failure to exhaust available administrative remedies must be accompanied by a similar notice.

3    However, the Court notes that under the new law of the circuit, in the rare event that a failure to

4    exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule

5    12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.

6    *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,

7    1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under

8    the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an

9    unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the

10    complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary

11    judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to

12    Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56.  *Id.*

13    But if material facts are disputed, summary judgment should be denied and the district judge

14    rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

15         If Defendant is of the opinion that this case cannot be resolved by summary judgment,

16    Defendant shall so inform the Court prior to the date the summary judgment motion is due.  All

17    papers filed with the Court shall be promptly served on Plaintiff.

18         b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

19    and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's

20    motion is filed.

21         c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of

22    the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

23    must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

24    be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

25    any fact that would affect the result of your case, the party who asked for summary judgment is

26    entitled to judgment as a matter of law, which will end your case.  When a party you are suing

27    makes a motion for summary judgment that is properly supported by declarations (or other sworn

28    testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

4

United States District Court
Northern District of California

1    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

2    as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and

3    documents and show that there is a genuine issue of material fact for trial.  If you do not submit

4    your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

5    If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

6    F.3d at 962-63.

7            Plaintiff also is advised that—in the rare event that Defendant argues that the

8    failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust

9    available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit

10   without prejudice.  To avoid dismissal, you have the right to present any evidence to show that

11   you did exhaust your available administrative remedies before coming to federal court.  Such

12   evidence may include: (1) declarations, which are statements signed under penalty of perjury by

13   you or others who have personal knowledge of relevant matters; (2) authenticated documents—

14   documents accompanied by a declaration showing where they came from and why they are

15   authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

16   in your complaint insofar as they were made under penalty of perjury and they show that you have

17   personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

18   dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

19   motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

20   issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

21       (The notices above do not excuse Defendant's obligation to serve similar notices again

22   concurrently with motions to dismiss for failure to exhaust available administrative remedies and

23   motions for summary judgment.  *Woods*, 684 F.3d at 935.)

24           d.      Defendant shall file a reply brief no later than **fourteen (14) days** after the

25   date Plaintiff's opposition is filed.

26           e.      The motion shall be deemed submitted as of the date the reply brief is due.

27   No hearing will be held on the motion unless the Court so orders at a later date.

28       5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

United States District Court
Northern District of California

1  Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose

2  Plaintiff and any other necessary witnesses confined in prison.

3      6.      All communications by Plaintiff with the Court must be served on Defendant or

4  Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to

5  them.

6      7.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

7  informed of any change of address and must comply with the Court's orders in a timely fashion.

8  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

9  while an action is pending must promptly file a notice of change of address specifying the new

10  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

11  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

12  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

13  *se* party indicating a current address.  *See* L.R. 3-11(b).

14      9.      Extensions of time are not favored, though reasonable extensions will be granted.

15  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

16  deadline sought to be extended.

17      IT IS SO ORDERED.

18  Dated:  February 2, 2015

19  _____

20  YVONNE GONZALEZ ROGERS
   United States District Judge

21

22

23

24

25

26

27

28

6