UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA'KEITH DESHAWN WELLS,<br>　　　　Plaintiff,<br>　v.<br>W. G. BAPTISTA,<br>　　　　Defendant. | Case No. 14-cv-05058-YGR (PR)<br><br>**ORDER DENYING SECOND REQUEST FOR APPOINTMENT OF COUNSEL** |

Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, stemming from a March 19, 2013 incident at Pelican Bay State Prison ("PBSP"), where he was formerly housed. He alleges that Defendant PBSP Correctional Officer W. G. Baptista used excessive force against him.

On February 2, 2015, the Court issued its Order of Service. Dkt. 9.

On June 30, 2015, the parties submitted a stipulation in which they informed the Court that they were interested in scheduling a settlement conference to resolve their disputes. Dkt. 27.

On July 9, 2015, the Court referred this action to the Honorable Nandor J. Vadas. Dkt. 31. The parties will be scheduled to appear before Magistrate Judge Vadas for settlement proceedings no later than October 9, 2015. *Id.* at 2.

Before the Court is Petitioner's second request for appointment of counsel. Dkts. 24, 26. The Court previously denied Plaintiff's initial request for the appointment of counsel on April 6, 2015. Dkt. 16.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d

952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id*.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are still at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, Plaintiff's second request for appointment of counsel is DENIED without prejudice to renewing his request if this action is not resolved after the aforementioned settlement proceedings. Dkts. 24, 26.

This Order terminates Docket Nos. 24 and 26.

IT IS SO ORDERED.

Dated: July 29, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge